**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
  *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
  *msincich@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE CARLSON; JEANNE ZIMMER; and JEFFERY CARLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF REDONDO BEACH; RYAN CRESPIN; PATRICK KNOX; MARK VALDIVIA; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.:  2:20-cv-00259**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.** Unreasonable Search and Seizure – Excessive Force –  Violation of the Fourth Amendment (42 U.S.C. §1983)<br>**2.** Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br>**3.** Municipal Liability – Ratification (42 U.S.C. §1983)<br>**4.** Municipal Liability – Failure to Train (42 U.S.C. §1983)<br>**5.** Battery<br>**6.** Negligence<br>**7.** Negligent Infliction of Emotional Distress<br>**8.** Violation of Civil Rights – Bane Act (Cal. Civil Code § 52.1, Cal. Const.)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiffs LUKE CARLSON, JEANNE ZIMMER, and JEFFERY CARLSON, each individually, for their complaint against Defendants CITY OF REDONDO BEACH; RYAN CRESPIN; PATRICK KNOX; MARK VALDIVIA; and DOES 1-10, inclusive, hereby allege as follows:

## INTRODUCTION

1. This civil rights and state tort action arises out of the January 8, 2019 excessive and unreasonable force used on LUKE CARLSON, JEANNE ZIMMER and JEFFERY CARLSON, by CITY OF REDONDO BEACH Police Officers. Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiffs by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

3. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of Redondo Beach, County of Los Angeles, California.

4. On July 2, 2019, Plaintiffs timely presented their claims for damages to the CITY OF REDONDO BEACH pursuant to applicable sections of the California

Government Code (sections 910 - 913.2).  On July 10, 2019, Defendant CITY OF REDONDO BEACH rejected Plaintiffs' claims.

## **PARTIES**

5.      At all relevant times, Plaintiff LUKE CARLSON (hereinafter referred to as "LUKE" to clearly differentiate between him and his father, Plaintiff Jeffery Carlson) is and was an individual residing in the City of Redondo Beach, California.

6.      At all relevant times, Plaintiff JEANNE ZIMMER ("ZIMMER") is and was an individual residing in the City of Redondo Beach, California.  ZIMMER is the natural mother of LUKE.

7.      At all relevant times, Plaintiff JEFFERY CARLSON ("CARLSON") is and was an individual residing in the City of Redondo Beach, California.  CARLSON is the natural father of LUKE.

8.      At all relevant times, Defendant CITY OF REDONDO BEACH ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of RYAN CRESPIN; PATRICK KNOX; MARK VALDIVIA; and DOES 1-10, inclusive.  Defendants RYAN CRESPIN; PATRICK KNOX; MARK VALDIVIA; and DOES 1-10, inclusive, are sued in their individual capacities for damages.  As set forth below, Plaintiffs allege that the CITY is directly liable for compensatory damages under federal law pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.  Plaintiffs allege that the CITY is vicariously liable for compensatory damages under Plaintiffs' state law claims, given Plaintiffs' allegations that the officers who committed the acts and omissions complained of herein were acting in the course and scope of their employment at the time that the acts and omissions occurred.  Plaintiffs make no claim for punitive damages against the CITY.

COMPLAINT FOR DAMAGES

9.    At all relevant times, Defendant RYAN CRESPIN ("CRESPIN") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, CRESPIN acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the Redondo Beach Police Department ("RBPD"), and under the color of the statutes and regulations of the State of California.  At all relevant times, CRESPIN acted within the course and scope of his employment as a CITY police officer.  On information and belief, CRESPIN is and was at all relevant times a resident of this judicial district.

10.    At all relevant times, Defendant PATRICK KNOX ("KNOX") was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, KNOX acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the RBPD, and under the color of the statutes and regulations of the State of California.  At all relevant times, KNOX acted within the course and scope of his employment as a CITY police officer.  On information and belief, KNOX is and was at all relevant times a resident of this judicial district.

11.    At all relevant times, Defendant MARK VALDIVIA ("VALDIVIA") was a duly appointed Sergeant CITY Police Officer and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials.  At all relevant times, VALDIVIA acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the RBPD, and under the color of the statutes and regulations of the State of California.  At all relevant times, VALDIVIA acted within the course and scope of his employment as a CITY police officer.  On information and belief, VALDIVIA is and was at all relevant times a resident of this judicial district.

- 4 -

COMPLAINT FOR DAMAGES

12. At all relevant times, Defendant DOES 1-10, inclusive, were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials and/or were managerial, supervisory or policy-making officials of the RBPD. At all relevant times, DOES 1-10, inclusive, acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY, the RBPD, and under the color of the statutes and regulations of the State of California.

13. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs at this time, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

14. In committing the acts and omissions hereinafter described, Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and consent of CITY. In committing the acts and omissions hereinafter described, Defendants DOES 1-10, inclusive, were acting in the course and scope of their employment as CITY Police Officers, employees, and/or agents.

15. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

16. Pursuant to Cal. Govt. Code § 815.2(a), CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendant RBPD Officers, and DOES 1-10, inclusive, as alleged by Plaintiffs' state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this

COMPLAINT FOR DAMAGES

section, have given rise to a cause of action against that employee or his personal representative."). Defendant RBPD Officers, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). CITY is also liable pursuant to Cal. Govt. Code § 815.6.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.    The incident upon which this action is based occurred in the evening hours on January 8, 2019, at or around 1002 Esplanade, Redondo Beach, Los Angeles County, California.

19.    At the time of this incident, Plaintiff LUKE was 21 years-old, ZIMMER was 59 years-old, and the natural mother of LUKE, and CARLSON was 71 years-old, and the natural father of LUKE.

20.    In the evening of January 8, 2019, Plaintiffs LUKE, ZIMMER, and CARLSON were inside of their home in the City of Redondo Beach.

21.    At or around 9:00 PM, Officers RYAN CRESPIN; PATRICK KNOX; REX YAP; MICHAEL COATES; KRISTEN SEIGFRIED; MARK VALDIVIA ("RBPD Officers") were dispatched to respond to Plaintiffs' residence, allegedly due to a family disturbance.

22.    The RBPD Officers responded to Plaintiffs' residence. Upon arrival, the RBPD Officers drew their firearms, and surrounded Plaintiffs' residence.

23.    The RBPD Officers never attempted to knock on Plaintiffs' front door, and never made any attempt to communicate with Plaintiffs.

24.    The RBPD Officers approached the Plaintiffs' residence and maneuvered around the left side of the residence up to the fence leading to Plaintiffs' backyard.

COMPLAINT FOR DAMAGES

25.     At or about the time that Defendant RBPD Officers were at the left backyard fence, Plaintiff LUKE was walking through his laundry room, toward the back door leading to the backyard.

26.     Without giving any warning that deadly force would be used, Officer CRESPIN used excessive and unreasonable force by firing multiple rounds from his firearm through the left-side laundry room wall, window frame, and window at Plaintiff LUKE.

27.     Also without giving any warning that deadly force would be used, Officer KNOX used excessive and unreasonable force by firing multiple rounds from his firearm at Plaintiff LUKE.

28.     Plaintiff LUKE was shot multiple times, including to his back.

29.     Defendant Officers CRESPIN and KNOX were using excessive and unreasonable force by shooting and striking Plaintiff LUKE.

30.     Plaintiffs ZIMMER and CARLSON were close behind LUKE, watching LUKE get struck by bullets, causing them severe emotional distress.

31.     At all relevant times prior to and during Defendants CRESPIN and KNOX'S use of excessive and unreasonable force when they shot Plaintiff LUKE, Plaintiff LUKE was not an immediate threat of death or serious bodily injury to anyone, including any of the RBPD Officers.  At the time of the shooting, Plaintiff LUKE was unarmed.

32.     The force used on Plaintiff LUKE by Defendants CRESPIN and KNOX when they shot LUKE several times, without warning, including in his back, while there were other reasonable alternatives, and when this was not an immediate defense of life situation, was excessive and unreasonable force.

33.     As a result of the excessive and unreasonable force used by Defendants CRESPIN and KNOX, Plaintiff LUKE endured severe injury, pain, and suffering.

34. As a result of the excessive and unreasonable force used by Defendants CRESPIN and KNOX, glass shrapnel and wood splinters from the Defendants' bullets firing through the widow and wall, hit and cut Plaintiffs ZIMMER and CARLSON causing them injury, pain, and suffering.

35. Further, Plaintiffs ZIMMER and CARLSON were present for and saw the excessive and unreasonable force Defendants CRESPIN and KNOX used on Plaintiff LUKE, their only son. As a result of the use of excessive and unreasonable force by Defendants CRESPIN and KNOX on Plaintiff LUKE when they shot him several times, in Plaintiffs ZIMMER and CARLSON'S presence, including to Plaintiff LUKE'S back while he was not a threat to any person, Plaintiffs ZIMMER and CARLSON suffered severe emotional distress.

36. After the shooting, Plaintiff LUKE collapsed onto the ground in the backyard.

37. After shooting Plaintiff LUKE, the RBPD Officers entered the Plaintiffs' backyard through the gate. While in the backyard, with their guns drawn and pointed at Plaintiffs LUKE, ZIMMER, and CARLSON, several RBPD Officers approached LUKE.

38. Other RBPD Officers, including Defendant VALDIVIA, used excessive and unreasonable force on Plaintiff ZIMMER when they grabbed her and forced her arms behind her back.

39. As a direct and proximate result of the Defendant RBPD Officers' use of excessive and unreasonable force on Plaintiff ZIMMER, Plaintiff ZIMMER was caused to suffer injury, harm, pain, and suffering.

40. Similarly, RBPD Officers, including Defendant VALDIVIA, used excessive and unreasonable force on Plaintiff CARLSON when they grabbed him and forced his arms behind his back.

COMPLAINT FOR DAMAGES

41. As a direct and proximate result of the Defendant RBPD Officers' use of excessive and unreasonable force on Plaintiff CARLSON, Plaintiff CARLSON was caused to suffer injury, harm, pain, and suffering.

42. Further, after Defendants CRESPIN and KNOX used excessive and unreasonable force against Plaintiff LUKE, the Defendant Officers failed to timely provide and/or call for medical assistance for LUKE, thereby further contributing to his injuries.

43. Moreover, after the Defendant RBPD Officers used excessive and unreasonable force against Plaintiffs ZIMMER and CARLSON, the Defendant RBPD Officers detained Plaintiffs ZIMMER and CARLSON without reasonable suspicion, and failed to provide and delayed Plaintiffs medical assistance, thereby further contributing to their injuries.

44. Plaintiff LUKE was shot multiple times by Defendants CRESPIN and KNOX, including to his back, side, and arms. As a direct and proximate result of their use of excessive and unreasonable force, Plaintiff was required to undergo multiple surgeries, and has endured severe pain and suffering.

45. As a result of being shot multiple times, Plaintiff LUKE has suffered severe emotional and physical distress related to his physical injuries, physical disability, and disfigurement. Plaintiff LUKE has also suffered a loss of earning capacity as a result of the Defendant RBPD Officers use of excessive and unreasonable force. Further, Plaintiffs ZIMMER and CARLSON have suffered severe emotional and physical distress related to their physical injuries and from witnessing the injuries to Plaintiff LUKE.

46. The Defendant RBPD Officers' use of excessive and unreasonable force on Plaintiffs caused Plaintiffs ZIMMER and CARLSON to suffer a loss of earnings. Both Plaintiffs ZIMMER and CARLSON are attorneys, licensed to practice law in the State of California. Both Plaintiffs ZIMMER and CARLSON lost billable hours as a

COMPLAINT FOR DAMAGES

result of Defendants' actions and inactions during this incident.  Both Plaintiffs ZIMMER and CARLSON'S businesses have been irreparably damaged.

47.     Upon information and belief, at all times prior to and during the deployment of multiple gunshots fired at Plaintiff LUKE:

      A.     The Defendant RBPD Officers were positioned and/or had the opportunity to position themselves behind cover;

      B.     The Defendant RBPD Officers had the opportunity to communicate with Plaintiffs, and/or give Plaintiffs commands, as well as give Plaintiffs time and opportunity to comply with those commands.  The Defendant Officers failed to properly communicate with Plaintiffs, and failed to give Plaintiffs the time and opportunity to comply with any commands;

      C.     The Defendant RBPD Officers had the opportunity to give Plaintiff LUKE a deadly force warning prior to the use of deadly force.  The Defendant Officers failed to give a deadly force warning prior to the use of deadly force;

      D.     The Defendant RBPD Officers were not at risk of immediate death or serious bodily injury based on Plaintiff LUKE'S actions; and no other person was at risk of immediate death of serious bodily injury based on Plaintiff LUKE'S actions;

      E.     The Defendant RBPD Officers, and other present RBPD Officers were armed with less-lethal force options;

      F.     The amount and/or type of force used was the highest level of force the Defendant RBPD Officers could have used;

      G.     Plaintiff LUKE was never actively resisting arrest or attempting to evade arrest by flight; and

      H.     The Defendant RBPD Officers failed to de-escalate the situation.

/ / /

COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

### Fourth Amendment Unreasonable Seizure

### Excessive Force (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants CRESPIN; KNOX; VALDIVIA, and DOES 1-10, inclusive)

48.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.    The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers.  Statute 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

50.    On January 8, 2019, Defendants CRESPIN and KNOX seized LUKE, ZIMMER, and CARLSON when they fired multiple gunshots at LUKE, striking him in multiple places, and causing glass to hit ZIMMER and CARLSON, within just minutes of their arrival.  The Defendant Officers issued no warnings before they shot LUKE, failed to employ reasonable alternatives to the use of deadly force, and failed to de-escalate the situation.

51.    Further, Defendant VALDIVIA and other Defendant RBPD Officers, DOES 1-3, used excessive and unreasonable force when they pulled Plaintiffs ZIMMER and CARLSON off the stairs, and pulled their arms behind their backs.

52.    At all times prior to the deployment of multiple gunshots fired at LUKE: the Defendant Officers were not at risk of immediate death or serious bodily injury based on LUKE'S actions; no other person was at risk of immediate death of serious bodily injury based on LUKE'S actions; the Defendant Officers had time to issue a deadly force warning to LUKE; the Defendant Officers had time to allow LUKE to comply with a deadly force warning if it was given; the Defendant Officers failed to give LUKE a deadly force warning; the Defendant Officers were armed with less-lethal force options; it was feasible for the Defendant Officers to utilize those less-

lethal force options; and the Defendant Officers failed to exhaust all reasonable less-lethal force options.

53.     The use of force, including deadly force, by the Defendant Officers violated LUKE, ZIMMER, and CARLSON'S right to be free from excessive force by peace officers, which is guaranteed to them by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment when they shot LUKE and injured ZIMMER and CARLSON.

54.     The Defendant Officers were integral participants and failed to intervene with respect to the use of deadly force against LUKE, and the force used against ZIMMER and CARLSON, despite the opportunity to do so.

55.     The conduct of the Defendant Officers was malicious, oppressive and in reckless disregard for the rights and safety of LUKE, ZIMMER, and CARLSON (and of nearby bystanders) and warrants the imposition of exemplary and punitive damages as to Defendant Officers.

56.     LUKE, ZIMMER, and CARLSON bring this claim each individually and seek damages, including for the nature and extent of their injuries, pain and suffering, loss of earning capacity, past and future medical expenses, and punitive damages.

57.     Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### SECOND CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom or Policy**
**(42 U.S.C. §1983)**
(By All Plaintiffs against Defendants CITY; and DOES 9-10)

58.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.    A municipality is liable for the constitutional deprivations of an individual where its officials or employees, acting under color of law, deprived a person of their particular rights under the constitution and where either: the officials or employees acted pursuant to an adopted policy, custom, or practice; the acts of a final policy maker deprived a person of their constitutional rights by knowing about and approving of an employees' acts or omissions; or the constitutional deprivations were a result of the municipality's failure to train its employees to handle the usual and recurring situations with which they must deal.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

60.    On and for some time prior to and after January 8, 2019 (and continuing to the present date), the Defendant CITY deprived Plaintiffs and other members of the public of their rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution by knowingly maintaining, enforcing and applying an official custom, policy, and practice of:

A.    Employing and retaining CITY Police Officers, including the Defendant RBPD Officers, who the Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies concerning the use of deadly force;

B.    Inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, including the Defendant RBPD Officers, concerning the use of deadly force;

C.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by the Defendant RBPD Officers, and other CITY police officers;

D.    Ratifying the misconduct and unlawful uses of excessive force by CITY Officers, including the Defendant RBPD Officers and other CITY police

COMPLAINT FOR DAMAGES

officers (including but not limited to the misconduct and excessive force used by the Defendant RBPD Officers against LUKE, ZIMMER, and CARLSON on January 8, 2019);

E. Failing to discipline the Defendant Officers and other CITY Officers for conduct contrary to law and departmental policy (including, but not limited to the misconduct and excessive force used by the Defendant RBPD Officers against LUKE, ZIMMER, and CARLSON on January 8, 2019 and the false statements and material omissions in the reports of the Defendant Officers);

F. Failing to re-train the Defendant RBPD Officers and other CITY Officers concerning the use of force and responding to calls for medical care despite the fact that complaints of excessive force and false statements have been filed against CITY Officers with the CITY, in the Superior Courts and in the District Courts;

G. Failing to properly investigate claims of excessive force and false statements or reports by CITY Police Officers;

H. Conspiring to give a false account of the incident to attempt to justify the use of excessive force;

I. Encouraging, accommodating, or facilitating a "thin blue line," "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which CITY police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

J. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline,

COMPLAINT FOR DAMAGES

retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people; and

K.      By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of CITY, were done with a deliberate indifference to individuals' safety and rights.

61.     Failing to adequately train, discipline, retrain, and investigate concerning allegations and incidents of excessive force by CITY Officers, in combination with CITY'S ratification of said complaints and incidents, has given rise to a culture of impunity within the CITY of REDONDO BEACH Police Department.  The CITY'S actions and inactions have caused CITY Officers to disregard proper police procedures and the law concerning the use of force in the exercise of their authority as peace officers and during their day-to-day interactions with civilians.

62.     The CITY'S actions and inactions as described above, including the Defendant CITY'S unconstitutional customs, practices, and polices, caused the deprivation of Plaintiffs' rights by Defendant Officers; that is, Defendant CITY'S unconstitutional customs, practices, and polices are so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

63.     By reason of the aforementioned policies and practices of Defendant CITY, LUKE, ZIMMER, and CARLSON were severely injured and subjected to pain and suffering.

64.     Plaintiffs each bring this claim individually and seek damages, including for the nature and extent of their injuries, pain and suffering, emotional distress, loss of earning capacity, and past and future medical expenses.

- 15 -

COMPLAINT FOR DAMAGES

65.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Ratification

### (42 U.S.C. §1983)

(By All Plaintiffs against Defendants CITY; and DOES 9-10)

66.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.    The Defendant RBPD Officers acted under color of law.

68.    The acts of Defendant RBPD Officers deprived LUKE, ZIMMER, and CARLSON of their particular rights under the United States Constitution.

69.    Upon information and belief, a final policymaker, including City of Redondo Beach Chief of Police Keith Kauffman and DOES 9-10, acting under color of law, have a history of ratifying unreasonable uses of force, including deadly force.

70.    Upon information and belief, a final policymaker, including City of Redondo Beach Chief of Police Keith Kauffman and DOES 9-10, acting under color of law, had final policymaking authority concerning the acts of the Defendant Officers, and ratified the individual Defendant Officers' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual Defendant Officers' acts.

71.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Defendant Officers were "within policy."

72.    The Defendant CITY'S unconstitutional ratification of the Defendant RBPD Officers' use of excessive and unreasonable force caused the deprivation of Plaintiffs' rights by Defendant Officers; that is, Defendants' ratification is so closely

- 16 -

COMPLAINT FOR DAMAGES

related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

73.    By reason of the aforementioned acts and omissions, Plaintiffs have and will experience financial loss, pain and suffering, and loss of earning capacity.

74.    Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

75.    Plaintiffs bring this claim each individually and seek damages, including for the nature and extent of their injuries, pain and suffering, and loss of earning capacity.

76.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train

### (42 U.S.C. §1983)

(By All Plaintiffs against Defendants CITY; and DOES 9-10)

77.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.    The Defendant Officers acted under color of law.

79.    The acts of the Defendant Officers deprived LUKE, ZIMMER, and CARLSON of their particular rights under the United States Constitution.

80.    On information and belief, CITY failed to properly and adequately train the Defendant Officers, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force.

81.    The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force.

82. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

83. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendant Officers; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

84. By reason of the aforementioned acts and omissions, Plaintiffs have and will experience pain and suffering, and loss of earning capacity.

85. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86. Plaintiffs each bring this claim individually and seek damages, including for the nature and extent of their injuries, pain and suffering, and for loss of earning capacity.

87. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(By All Plaintiffs against all Defendants)

88. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89. The Defendant Officers while working as CITY Police Officers and acting within the course and scope of their employment, intentionally shot LUKE, and intentionally used force to detain ZIMMER and CARLSON. Further, the Defendant Officers intentionally caused harm to ZIMMER and CARLSON when glass and splinters struck ZIMMER and CARLSON as a result of Defendant Officers' shots going through the window and wall. The use of force by the Defendant Officers,

- 18 -
COMPLAINT FOR DAMAGES

including the shooting, was a use of unreasonable force against LUKE, ZIMMER, and CARLSON to which they did not consent.

90. The Defendant Officers used excessive and unreasonable deadly force on Plaintiff LUKE when they shot Plaintiff, including in the back, without a warning, without an immediate defense of life situation, and while there were other reasonable options available to them.

91. As a direct and proximate result of the actions of the Defendant Officers, LUKE, ZIMMER, and CARLSON suffered severe pain and suffering, harm, injuries, and damages.

92. CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

93. The conduct of the Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

94. Plaintiffs each bring this claim individually and seek general and special damages to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(By All Plaintiffs against All Defendants)

95. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96. The actions and inactions of the Defendant Officers were negligent and reckless, including, but not limited to:

A. The failure to properly and adequately assess the need to use force against LUKE, ZIMMER, and CARLSON in order to effectuate a seizure;

B. The failure to properly and adequately assess the need to use force and deadly force against LUKE;

C. The negligent pre-shooting tactics and handling of the situation with LUKE, ZIMMER, and CARLSON, including, but not limited to: negligent planning; negligent command and control; negligent positioning; negligent communication with other officers as well as with LUKE, ZIMMER, and CARLSON; negligent mental and emotional attitude; negligent failure to de-escalate and decompress; negligent failure to contain; and negligent failure to control subjective fear;

D. The negligent supervision and control of officers, especially by the Sergeant present on scene;

E. The negligent manner in which information was misstated and omitted from police reports following the incident;

F. The failure to properly train and supervise employees, both professional and non-professional, including the failure to properly and adequately assess the need to use force and deadly force against LUKE;

G. The negligent use of force against LUKE, ZIMMER, and CARLSON; and

H. The negligent manner in which the failure to properly and adequately assess the need to use force and deadly force against LUKE, and the delay and/or denied access to medical care after their use of force against him.

97. As a direct and proximate result of Defendants' conduct, including both pre and post-shooting as alleged above, and other undiscovered negligent conduct, LUKE, ZIMMER, and CARLSON were caused to suffer severe pain and suffering. Also, as a direct and proximate result of the Defendant Officers' conduct as alleged

COMPLAINT FOR DAMAGES

above, Plaintiffs LUKE, ZIMMER, and CARLSON experienced harm, injuries, and damages.

98. CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99. Plaintiffs each bring this claim individually and seek damages, including both general and special damages to be proven at trial under this claim.

## SEVENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 829 and California Common Law)

(By All Plaintiffs against All Defendants)

100. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101. The Defendants Officers negligently caused physical injury to LUKE when the Defendant Officers discharged their firearms at LUKE, striking him multiple times. The use of force, including deadly force, by the Defendants Officers was excessive, unreasonable, and the Defendant Officers were negligent when they discharged their firearms at LUKE, including pre-shooting negligent conduct, actions, inactions, and tactics, and their post-shooting negligent conduct, actions and inactions.

102. ZIMMER and CARLSON were present at the scene, which is the residence they shared with LUKE, when the Defendant Officers discharged their firearms at LUKE, and ZIMMER and CARLSON were aware that LUKE was being injured.

103. As a result of having lethal force unreasonably fired at LUKE, and ZIMMER and CARLSON being present at the scene and seeing their only son being

COMPLAINT FOR DAMAGES

shot repeatedly by the Defendant Officers, LUKE, ZIMMER and CARLSON suffered severe emotional distress.

104. On information and belief, an ordinary reasonable person would be unable to cope with seeing their loved one shot repeatedly, including in the back, especially at their own residence which they shared.

105. Defendant CITY is vicariously liable for the wrongful acts of the Defendant Officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the course and scope of the employment if the employee's act would subject him or her to liability.

106. LUKE, ZIMMER and CARLSON each bring this claim individually and seek damages under this claim as individuals.

## EIGHTH CLAIM FOR RELIEF

**Violation of Cal. Civ. Code § 52.1 and California Common Law**

(By All Plaintiffs against All Defendants)

107. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1

are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

109. The Defendant Officers violated Plaintiffs' Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against them. The Defendant Officers specifically intended to violate Plaintiffs' constitutional rights as stated above, as demonstrated by the Defendant Officers' reckless disregard for Plaintiffs' constitutional rights. Thus, Plaintiffs can recover for violation of the Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

110. The Defendant Officers violated LUKE, ZIMMER and CARLSON'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against them.

111. LUKE, ZIMMER and CARLSON were caused to suffer severe pain and suffering for which they are entitled to recover damages.

112. The conduct of the Defendant Officers was a substantial factor in causing the harm, losses, injuries, and damages of LUKE, ZIMMER and CARLSON.

113. CITY is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

114. The conduct of the Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of LUKE, ZIMMER and CARLSON, entitling them to an award of exemplary and punitive damages.

115. Plaintiffs each bring this claim individually and seek damages under this claim, as well as costs and attorneys' fees.

COMPLAINT FOR DAMAGES

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF REDONDO BEACH; RYAN CRESPIN; PATRICK KNOX; MARK VALDIVIA; and DOES 1-10, inclusive, as follows:

A.    For compensatory damages under federal and state law in an amount to be proven at trial;

B.    For past and future medical expenses, and loss of financial support;

C.    For past and future physical pain and mental suffering;

D.    For past and future loss of income, loss of earning capacity, and lost profits;

E.    For property damages and economic loss, including real and personal;

F.    For punitive damages against the individual Defendant Officers in an amount to be proven at trial;

G.    For interest;

H.    For reasonable costs of this suit and attorneys' fees under state and federal law;

I.    For such further relief at law or equity as the Court or jury may deem just and appropriate.

Dated:  January 9, 2020          **LAW OFFICES OF DALE K. GALIPO**


By:   */s/    Dale K. Galipo*
      Dale K. Galipo
      Marcel F. Sincich
      *Attorneys for Plaintiffs*

- 24 -

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated:  January 9, 2020          **LAW OFFICES OF DALE K. GALIPO**

By:   */s/     Dale K. Galipo*

Dale K. Galipo

Marcel F. Sincich

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES