**O**

# United States District Court
# Central District of California

LUKE CARLSON, et al.,

                    Plaintiffs,

          v.

CITY OF REDONDO BEACH, et al.,

                    Defendants.

Case No. 2:20-00259-ODW (AFMx)

**ORDER DENYING DEFENDANTS' MOTION TO STAY CIVIL ACTION [23]**

## I.      INTRODUCTION

Luke Carlson, Jeanne Zimmer, and Jeffery Carlson (collectively "Plaintiffs") initiated this action against City of Redondo Beach, and City of Redondo Beach Police Officers Ryan Crespin, Patrick Knox, and Mark Valdivia ("Officers").[1] (Compl., ECF No. 1.)   Defendants now move to stay the proceedings until the resolution of a criminal investigation into the incident underlying this case.   (Mot. Stay ("Mot.") 3, ECF No. 23).   For the reasons discussed below, the Court **DENIES** Defendants' Motion.[2]

---

[1] City of Redondo Beach and the Officers are collectively referred to as "Defendants."

[2] After considering the papers submitted in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

The Complaint alleges the following facts, which the Court summarizes for the purpose of ruling on the Motion.   On January 8, 2019, at around 9:00 p.m., the Officers responded to an alleged family disturbance involving Plaintiffs at their Redondo Beach home.  (Compl. ¶¶ 20–21.)   Upon arrival, the Officers surrounded Plaintiffs' home with their guns drawn.  (*Id.* ¶ 22.)   The Officers then maneuvered around the left side of Plaintiffs' residence, toward the backyard.  (*Id.* ¶ 24.)   Around the same time, Plaintiff Luke[3] was walking through the laundry room of his residence, toward the back door, which leads to the backyard.  (*Id.* ¶ 25.)   Without warning, Officers Crespin and Knox fired multiple rounds from their firearms at Luke, shooting through the laundry room wall, window frame, and window.  (*Id.* ¶¶ 26–29.)   Luke collapsed onto the ground in the backyard after being hit several times, including in his back.  (*Id.* ¶¶ 32, 36.)  Plaintiffs Zimmer and Carlson were close behind Luke and watched the bullets hit their son.  (*Id.* ¶ 30.)   After the shooting the Officers entered the backyard through the side gate and restrained Plaintiffs.  (*Id.* ¶¶ 37, 38, 40.)

Plaintiffs filed their Complaint on January 9, 2020, asserting eight claims against Defendants based on the shooting: (1) unreasonable search and seizure (42 U.S.C. § 1983); (2) municipal liability for unconstitutional custom, practice, or policy, (42 U.S.C. § 1983); (3) municipal liability for ratification (42 U.S.C. § 1983); (4) municipal liability for failure to train (42 U.S.C. § 1983); (5) battery; (6) negligence; (7) negligent infliction of emotional distress; and (8) violation of the Bane Act (California Civil Code section 52.1).  (*See generally* Compl.)

On July 23, 2020, Defendants moved to stay this action pending the resolution of a criminal investigation into the facts underlying this case.  (Mot.)  The Motion is now fully briefed.  (Opp'n Mot., ECF No. 24; Reply, ECF No. 25.)

---

[3] The Court respectfully uses Plaintiff Luke Carlson's first name to distinguish him from his father, Plaintiff Jeffery Carlson.

### III.   LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [] to require such action.'" *Id.* (alterations in original) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to stay civil proceedings in light of parallel criminal proceedings, the court should first "consider the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324 (internal quotation marks omitted). The court should then consider (1) the plaintiff's interest in proceeding expeditiously with the litigation and the potential prejudice of a delay; (2) the burden the proceedings may impose on the defendant; (3) non-party interests; (4) the public's interest in the pending civil and criminal litigation; and (5) judicial efficiency. *Id.* at 324–25.

### IV.   DISCUSSION

Defendants argue this case should be stayed pending the resolution of the Los Angeles County District Attorney's Office ("District Attorney") criminal investigation into the facts underlying this matter. (Mot. 3.) Plaintiffs contend that a stay is inappropriate at this time because almost two years have passed since the incident and no criminal charges have been filed against the Officers. (Opp'n Mot. 7.) Additionally, Plaintiffs argue this case should not be stayed because the status of the ongoing investigation is unclear, and Defendants offer no concrete reason to conclude that this action will compromise the ongoing investigation. (*Id.*)

**A.   The Officers' Fifth Amendment Rights**

The Court first addresses the extent to which Defendants' Fifth Amendment rights are implicated by parallel criminal and civil proceedings. *See Keating*, 45 F.3d

at 324. Defendants assert that their "Fifth Amendment rights may be implicated because there is a pending criminal investigation that revolves around the same legal and factual issues as this civil case." (Mot. 5.) Plaintiffs argue that no criminal charges are pending, thus "Defendants' speculation about invoking the Fifth Amendment is without merit at this time." (Opp'n Mot. 2.) The Court agrees with Plaintiffs.

A stay is warranted where a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *eBay, Inc. v. Digital Point Sols., Inc.,* No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) ("When simultaneous civil and criminal proceedings involve the same or closely related facts, the Fifth Amendment concerns may be sufficient to warrant a stay." (internal quotation marks omitted)). But "the case for staying civil proceedings is a far weaker one when no indictment has been returned." *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *3 (C.D. Cal. Mar. 19, 2014) (brackets and internal quotation marks omitted) (quoting *Molinaro*, 889 F.2d at 903). "The potential prejudice to a civil defendant facing a parallel criminal investigation is 'more remote' than it is for an indicted defendant, and the delay to the plaintiff is 'potentially indefinite.'" *eBay*, 2010 WL 702463, at *3.

Defendants present nothing in their moving papers that demonstrates their Fifth Amendment rights are implicated such that a stay is warranted at this time. Although the facts underlying this case and the criminal investigations may be closely related, Defendants do not insist that the criminal investigation is wrapping up, or that an indictment is likely to come soon. The crux of Defendants' argument is that there is a *possibility* that their Fifth Amendment rights may be implicated at some point because this case involves the same facts as the pending criminal investigation. Thus, what Defendants request, essentially, is an indefinite stay of this action until the District Attorney decides whether to seek indictments against the Officers. The Court,

however, declines to rely on speculative scenarios to grant a stay that would potentially deprive Plaintiffs of the ability to pursue their civil claims.

Defendants further argue that allowing the case to proceed may expose Defendants' strategies, theories, testimony, and defenses related to the criminal investigation. (Mot. 6–7.) The Court acknowledges the potential that Defendants' defense theories or relevant testimony may be exposed. But this is again merely speculative, and less drastic protective measures exist to minimize any resulting prejudice to Defendants, should those issues arise. *See, e.g.*, *Doe v. City of San Diego*, No. 12-CV-689-MMA (DHBx), 2012 WL 6115663, at *3 (S.D. Cal. Dec. 10, 2012) (explaining that a stay is unnecessary where defendants' Fifth Amendment rights "could be protected through less drastic means such as asserting the privilege on a question by question basis and implementing protective orders." (citing *O. Thronas, Inc. v. Blake*, No. CIV.09-00353 DAE-LEK, 2010 WL 931924, at *3 (D. Haw. Mar. 10, 2010))). In light of these considerations, a stay is not warranted based on the Officers' Fifth Amendment rights.

**B.    The Remaining *Keating* Factors**

Four of the five remaining *Keating* factors also weigh in favor of denying Defendants' Motion. First, civil plaintiffs have an interest in having their case resolved quickly. *See ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014); *see also Sw. Marine Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). As previously discussed, Defendants have presented no facts concerning the status of the ongoing criminal investigation, e.g., whether the investigation is in its early stages, wrapping up, or whether any criminal indictments are imminent. (*See generally* Mot.; Decl. of Michael R. Watts ¶ 5, ECF No. 23-1 (stating only that the District Attorney has undertaken "a criminal investigation into the facts surrounding the subject incident"). Moreover, the underlying incident occurred almost two years

ago, thus any "further delay poses a . . . heightened risk that witnesses will forget important details, lose or abandon critical evidence, and pass away from age or other circumstances." *See Roberts v. Cnty. of Riverside*, No. EDCV 19-1877 JGB (SHKx), 2020 WL 5046179, at *3 (C.D. Cal. May 6, 2020).

Second, the slight burden that may be imposed on a defendant who is forced to invoke his Fifth Amendment privilege in a civil case "does not outweigh [Plaintiffs'] interest in moving forward." *eBay*, 2010 WL 702463, at *5; *see also Estate of Morad v. City of Long Beach*, No. CV 16-06785 MWF (AJWx), 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017) ("Simply being forced to invoke the Fifth Amendment, and accordingly incurring an adverse inference, is not by itself the sort of prejudice that categorically favors a stay.").

Third, the public has an interest in ensuring that officers who use allegedly excessive and unreasonable deadly force are held accountable by civil plaintiffs. "The public is not served by allowing inexplicably lengthy review processes to postpone the resolution of civil litigation against municipalities and their agents." *See Franco v. City of W. Covina*, No. EDCV 18-2587 JGB (SHKx), 2019 WL 6794203, at *4 (C.D. Cal. July 5, 2019).

Fourth, judicial efficiency typically weighs against issuing a stay, as the Court has "an interest in clearing its docket." *See Molinaro*, 889 F.2d at 903. This action has been pending for almost a year, and Defendants have not provided any indication of when the criminal investigation might be completed. "As there is no official criminal proceeding, and it is unknown at this time if there will ever be, judicial efficiency is not furthered by waiting indefinitely for a resolution that may never come." *Chrome Hearts LLC v. Old Sch. Fairfax Inc.*, No. CV 2:16-09080-BRO (JPRx), 2017 WL 8943005, at *5 (C.D. Cal. Aug. 25, 2017).

Fifth and finally, neither party has presented evidence of interested non-parties. Consequently, this factor is neutral. *See, e.g.*, *Petrov v. Alameda Cnty.*, No. 16-cv-04323-YGR, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016) (explaining that any

interests non-parties may have are only "salient . . . where the third-parties at issue [have] a direct interest in the outcome of the litigation.").

Weighing all the *Keating* factors, the Court determines that a stay pending the criminal investigation is not justified at this time.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Stay.  (ECF No. 23.)

**IT IS SO ORDERED.**

December 29, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**